UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 16-20222
                                        Hon. Arthur J. Tarnow

RONALD MILLER,

    Defendant.
_____/

**United States' Supplemental Response
to Defendant's Motion for Release**

On Tuesday, March 31, 2020, in order to aid its determination of defendant Ronald Miller's motion for compassionate release, the Court ordered the parties to "submit to the Court current medical reports and records of Petitioner's administrative appeals for compassionate release from the Bureau of Prisons." (R.376). The government has attached Miller's medical records under seal, as Exhibits 1 and 2. Exhibit 1 notes Miller's medical conditions as of April 1, 2020, and contains some recent records of medical treatment within BOP. Exhibit 2 is additional, less recent BOP medical records.

The government has also attached a record of Miller's seeking administrative remedies following rejection of his requests for release

based on his medical conditions (Exhibit 3), and an explanation of the codes noted within that record (Exhibit 4). Additionally, the government is attaching a June 2019 letter from the Warden of Butner FCI in response to an inquiry from the office of U.S. Senator Debbie Stabenow that references an additional but unsuccessful attempt by Miller to gain compassionate release (Exhibit 5). There is no record of Miller seeking an administrative remedy of that rejection.

      The administrative records confirm that Miller has not satisfied the exhaustion requirement for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Statutory exhaustion requirements, like the one in § 3582(c)(1)(A), are mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1855–57 (2016). Those requirements may not be excused, even to account for "special circumstances." *Id.* And, importantly, those exhaustion requirements mean that a party may not move for relief in court based on a different ground than the one he raised during the administrative process. *See Hasan v. Ashcroft*, 397 F.3d 417, 419–20 (6th Cir. 2005).

      This principle means that Miller did not exhaust his current claim based on his current medical condition and the COVID-19 pandemic. As the records show, the Bureau of Prisons denied Miller's requests for

compassionate release almost a year ago. So the only claim that Miller even arguably exhausted at that time did not raise any potential risks posed by Miller's current medical condition during the COVID-19 pandemic. Miller has thus not satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement. And as the Third Circuit explained yesterday in denying a similar, unexhausted motion for compassionate release, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, __ F.3d __, No. 20-1033 (3d Cir. Apr. 2, 2020). Thus, "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.*

As the Third Circuit emphasized, moreover, the Bureau of Prisons is taking the COVID-19 pandemic seriously, most notably through the Attorney General's home-confinement directive from last week. *Id.* The Bureau of Prisons is still actively reviewing inmates for home confinement under that directive, considering the totality of the

3

circumstances for each inmate. Those circumstances include judicial recommendations; the age and vulnerability of the inmate to COVID-19; the inmate's conduct while in prison; the inmate's crime of conviction; and the availability of transportation and a suitable and verifiable location for home confinement. And assuming the Attorney General "finds that emergency conditions will materially affect the functioning of the Bureau" under § 12003(b)(2) of the CARES Act, the Bureau of Prisons will also be able to exercise its increased statutory authority to grant home confinement under 18 U.S.C. § 3624(c)(2). (In its previous filing here, the government mistakenly believed that all of the statutory prerequisites to trigger § 12003(b)(2) had already been met. The government has since learned that this is not yet the case. We apologize for the error.). In addition, since the government's previous response, the Bureau of Prisons has taken additional steps to protect federal inmates from COVID-19—including a shelter-in-place protocol at all facilities to decrease the spread of the virus.

    We are sensitive to, and share, the Court's concerns about the effect of the COVID-19 pandemic on federal inmates. And although the government does not agree with Miller's view on whether he should be

released, the government will, of course, forward any judicial recommendation to the Bureau of Prisons. But there is no jurisdiction for the Court to grant Miller's request for release here.

                                          Respectfully submitted,

                                          MATTHEW SCHNEIDER
                                          United States Attorney

                                          s/ Brant Cook
                                          Assistant U.S. Attorney
                                          211 West Fort Street, Suite 2001
                                          Detroit, MI  48226
                                          (313) 226-9756
                                          brant.cook@usdoj.gov

Dated: April 3, 2020

## Certificate of Service

I certify that on April 3, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

s/ Brant Cook
Assistant U.S. Attorney
