UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE MILLER,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

Criminal Case No. 16-20222-1

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY [374]**

On March 23, 2020, the family of Petitioner Ronald Lee Miller asked the Court to release Miller from his incarceration in Federal Correctional Institution ("FCI") Butner due to his age and chronic health conditions, which put him at a higher risk falling severely ill from COVID-19. (ECF No. 371). On March 24, 2020, the Court appointed the Federal Community Defender to represent Miller and ordered both parties to file concurrent responsive briefs. (ECF No. 372). The Petitioner and the Government filed their respective briefs on March 31, 2020. (ECF No. 373 & 374). On April 3, 2020, both parties filed supplemental briefs and exhibits. (ECF Nos. 378, 379, 380, 381, 382). For the reasons stated below, the Court **GRANTS** Petitioner's motion.

## Factual Background

On July 12, 2017, Miller pled guilty to violating 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B) (Conspiracy to Distribute and to Possess With Intent to Distribute Heroin) and 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). (ECF No. 337, PageID. 1755). On January 31, 2018, the Court sentenced Miller to six years of incarceration followed by four years of supervised release. (*Id.* at 1756-57). Additionally, the Court recommended that the Bureau of Prisons ("BOP") immediately medically evaluate Miller upon imprisonment due to his history of serious medical conditions. (*Id.* at 1756).

Miller's medical records show that he has a history of: Coronary Artery Disease, Chronic Obstructive Pulmonary Disease ("COPD"), Hypertension, Hepatitis C, Liver Cancer, Heart Disease, and Cirrhosis of the liver. (ECF No. 379, PageID. 2198, 2200, 2203; ECF No. 384-1, PageID. 2439). His medications to treat most of his conditions have been continually renewed throughout his incarceration. (ECF No. 379, PageID. 2205, 2236, 2295). As of March 26, 2020, Miller has 14 active prescriptions for treatment, including an inhaler that he is told to use as needed to prevent or relieve asthma attacks caused by his COPD. (*Id.* at 2237, 2295).

Due to his ailments, Miller, in conjunction with his family, sought compassionate release from the BOP through both administrative remedies and petitions to Michigan's U.S. Senator Debbie Stabenow. A letter on October 4, 2018

from FCI Butner's Warden to Senator Stabenow reveals that "Miller's case was reviewed in accordance with Bureau of Prisons Statement 5050.48, Compassionate Release, Elderly Inmates with Medical Conditions, and determined he does not meet the criteria for consideration of Compassionate Release." (ECF No. 380, PageID. 2297). His denial was based on a medical review of Miller's case that showed "normal liver function with no diagnosis of cancer [and] no detection of Hepatitis C." (*Id.*). Miller appealed his compassionate release denial on December 29, 2018, stating that he was diagnosed with Hepatitis C and Cirrhosis prior to incarceration and is currently receiving medication for both diseases. (*Id.* at 2298). Miller's appeal was rejected on February 5, 2019 for two reasons: failing to raise a sensitive issue and failing to first file a BP-9 request. (*Id.* at 2301). Miller then appealed this rejection on February 25, 2019 and March 10, 2019, claiming that he had already filed a BP-9 form that the Warden responded to in October of 2018. (*Id.* at 2302; ECF No. 383-1, PageID. 2423-24). This appeal was rejected on March 13, 2019, for failing to attempt an informal resolution. (ECF No. 380, PageID 2301). On March 15, 2019, Miller filed an "Attempt at Informal Resolution" form, yet again seeking review of his compassionate release request and treatment for his Cirrhosis. (ECF No. 383-3, PageID. 2426-27). Miller's release request was again denied on June 4, 2019, because the Warden found that his condition remained stable. (ECF No. 383-4, PageID. 2428).

Miller is now seeking release through either home confinement under 18 U.S.C. § 3624(c)(2) or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). However, since this Court and others have recognized that the authority to place a prisoner in home confinement is given to the BOP, through Attorney General delegation, the Court will solely analyze Miller's eligibility for compassionate release. *See United States v. Doshi*, No. 13-CR-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020); *see also United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *2 (S.D. Tex. June 17, 2019) ("The First Step Act grants only the Attorney General, and by delegation the BOP, authority to grant release to home confinement under the Family Reunification Program."); *see also United States v. Moore*, No. 2:93-CR-310-ID, 2009 WL 2970464, at *2 (M.D. Ala. Sept. 11, 2009) ("As a general matter, it is plain from the statute that the Attorney General is charged with administration of this pilot program, and the Court is not inclined to interfere with his authority in that regard.").

## ANALYSIS

The compassionate release statute states the following in relevant part.

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C.A. § 3582.

The Court will discuss both elements—exhaustion of administrative remedies and extraordinary and compelling reasons for release—in turn.

I. Exhaustion of Administrative Remedies

Miller has properly exhausted all of his administrative remedies. The record shows that Miller sought compassionate release due to his medical conditions in the fall of 2018 and his request was denied. Miller then appealed the denial twice, and twice his appeals were rejected.

Despite this, the Government argues that Miller's exhaustion should not be honored, because he did not specify requesting release due to the COVID-19 outbreak. The Court finds this argument to be unfounded. Miller, then and now, seeks release due to his myriad of serious health conditions. *C.f. United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020) (denying compassionate release when the petitioner failed to specify his grounds for release when requested to warden). The COVID-19 pandemic merely accentuates his meritorious claims for release. In the alternative, the Court may waive the exhaustion requirement if a recognized exception applies. *United States of America,*

*v. Wilson Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020); *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . . the requirement is not absolute.").

These exceptions include waiver of exhaustion "where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue" and "where pursuing agency review would subject plaintiffs to undue prejudice." *Washington*, 925 F.3d 118. Both exceptions apply here. First, Miller has already petitioned the BOP once and appealed its denial twice, stating that Miller's conditions are stable and do not warrant release. The BOP's stance on Miller's case is clear. Requiring him to submit yet another petition to merely indicate his heightened vulnerability due to COVID-19 would be futile. *See United States of America v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020) (finding the same).

Second, such a delay would unduly prejudice Miller. COVID-19 is spreading at rapid and unprecedented rates. In North Carolina, where Miller is incarcerated, the number infected has grown from 763 on March 27th to 3,651 on April 9th—quadrupling in less than two weeks. N.C. Exec. Order No. 121 (Mar. 27, 2020), https://files.nc.gov/governor/documents/files/EO121-Stay-at-Home-Order-3.pdf; *COVI-19 North Carolina Dashboard*, NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, https://www.ncdhhs.gov/divisions/public-

health/covid19/covid-19-nc-case-count (last visited Apr. 9, 2020). Moreover, FCI Butner's cases have grown from 9 to 39 in six days. CBS-17 Digital Desk, *9 inmates, staff member test positive for COVID-19 at NC federal prison*, https://www.cbs17.com/community/health/coronavirus/9-inmates-staff-member-test-positive-for-covid-19-at-nc-federal-prison/ (last visited Apr. 7, 2020); *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 7, 2020). Time is not on Miller's side. It is paramount to his safety to decide this issue promptly. Therefore, his request for release is properly before the Court.

    II.    <u>Extraordinary and Compelling Reasons for Release</u>

In order to determine if extraordinary and compelling reasons exist to release Miller, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement recites the following:

> **1. Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>     **(A) Medical Condition of the Defendant.--**
>     **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     **(ii)** The defendant is--
>         **(I)** suffering from a serious physical or medical condition,

> > **(II)** suffering from a serious functional or cognitive impairment, or
> > **(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover
> > [. . .]
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13

Here, Miller has presented "Other Reasons" in combination with his serious medical conditions, to warrant compassionate release. While the COVID-19 pandemic is devastating in every region it invades, prison populations are subject to heightened vulnerability. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. TIMES (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between inmates and guards as reasons prisoners are at increased risk of infection); *See, e.g.*, Courtney Bublé, *Federal Prisons Pose 'Imminent Danger' in Spreading COVID-19, Union Says*, GOVERNMENT EXECUTIVE (April 6, 2020), https://www.govexec.com/oversight/2020/04/federal-prisons-pose-imminent-danger-spreading-covid-19-union-says/164390/ (detailing a prison workers' union

complaint to OSHA complaining of "imminent danger" due to the BOP's failure to follow national safety guidelines). To date, at least 42 inmates at FCI Butner have tested positive for COVID-19—the most of any federal prison. *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 9, 2020).

Furthermore, the persuasive precedent for granting compassionate release under the current circumstances is overwhelming. *United States v Andre Williams*, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *United States v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020) ("Defendant is the most susceptible to the devastating effects of COVID-19. She is in the most susceptible age category (over 60 years of age) and her COPD and emphysema make her particularly vulnerable. 18 U.S.C. § 3582(c)(1)(A)(i) compassionate release granted."); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify to Defendant's sentence on the grounds that he is suffering from a

serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC."); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020), at *2 ("Because Defendant is at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.").

Miller squarely fits the definition of an individual who has a higher risk of falling severely ill from COVID-19. The Center for Disease Control ("CDC") states that individuals who are 65 and older have a higher risk of severe illness. *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Apr. 7, 2020). Miller is 69. The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness. *Id.* Miller suffers from all three. Continuing Miller's incarceration under the current circumstances could be a lethal decision. Therefore, the Court finds that extraordinary and compelling reasons exist for his immediate compassionate release.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Compassionate Release from Custody [374] is **GRANTED**.

**IT IS FURTHER ORDERED** that Miller be immediately placed in a 14-day quarantine before his release from FCI Butner, in accordance with Attorney General Barr's directive to the BOP.

**SO ORDERED**.

Dated: April 9, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge